■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN MELLUZZC, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered February 26, 1985, convicting defendant, after a jury trial, of two counts of robbery in the first degree and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years, unanimously modified on the law solely to the extent of vacating the sentences and remanding for resentencing of defendant as a second felony offender and otherwise affirmed. Order of said court and Justice, entered on or about June 14, 1989, which denied, without hearing, defendant's motion to set aside the judgment upon the grounds of inadequate representation at the time of sentencing, unanimously affirmed.

This conviction arises out of the brutal and wanton shooting of a brilliant aspiring musical artist by the defendant leaving her permanently blind and brain damaged.

Defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. The court instructed the jury on accomplice liability, and specifically asked whether there were any exceptions to this charge, and defendant failed to object. Thus, defendant has failed to preserve, as a matter of law, any claim that the court erred by not charging the jury that a female friend who testified against him was an accomplice as a matter of law, and by not presenting to the jury, as a

question of fact, whether a male friend who testified was an accomplice. (CPL 470.05 [2].) Were we to address those issues in the interest of justice, we would note that a wealth of evidence independent of that provided by the female friend connects defendant to the crime *(see,* CPL 60.22 [1]). Additionally, no reasonable view of the evidence supports an inference that the male friend intentionally participated in the crime *(see, e.g., People v Tucker,* 72 NY2d 849).

We conclude that defendant's claim that on the first day of trial he was too ill to proceed was merely a ploy. Defendant's actual stated concern was how he would appear to the jury. We note that the trial court observed on several occasions that he looked exceedingly fit, he appeared neat and cleanshaven, and there was nothing unkempt or untidy about his appearance. In addition, we find that the court did not abuse its discretion in denying defendant's request for a continuance and proceeding with jury selection. *(See generally, Matter of Anthony M.,* 63 NY2d 270.) The decision whether or not to conduct a competency hearing also is within the trial court's discretion *(People v Chisolm,* 162 AD2d 267). The record does not present any information which, objectively considered, raises any reasonable doubt about defendant's competency. *(Cf., People v Gensler,* 72 NY2d 239, 244-245, *cert denied* 488 US 932.) Nor do we find any infirmity in the sentencing proceedings arising out of the court's lack of a presentence psychiatric report. It was defendant's own obstructive behavior in refusing to appear for the scheduled psychiatric evaluation which deprived the court of this report. Having failed to cooperate prior to sentencing, defendant cannot now challenge the sentence imposed on the basis that the court did not have the report *(cf., People v Sullivan,* 39 NY2d 903, 904), nor is there any indication that defendant was unable to proceed with sentencing. Finally, we find that defendant was not deprived of meaningful representation under the standards set forth in *People v Baldi* (54 NY2d 137).

However, as the People concede, the sentencing court was in error in adjudging the defendant to be a second violent felony offender and accordingly we vacate the sentences imposed, adjudicate defendant a second felony offender and remand the matter solely for resentencing of defendant as a second felony offender, taking note of the vicious nature of this crime, defendant's callous indifference to its violence and repercussions, and the tragedy visited not only upon the victim, but her family and the larger community. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.