■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RACHLES, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 9, 1987, convicting defendant after a jury trial of murder in the second degree, and sentencing him to an indeterminate prison term of twenty-five years to life, unanimously affirmed.

The defendant, two accomplices, and the defendant's lover all resided together and considered themselves a family. They murdered an antique dealer at the defendant's instigation, to satisfy the defendant's desire for revenge after the antique dealer had refused to give defendant a substantial unsecured loan. The defendant, after having turned his lover's long-time activity as a prostitute to his own advantage, became increasingly afraid of his lover's potential as a witness to his participation in the antique dealer's murder. All three of the male members of the "family" shared such fears. All three of the male members of the group killed the woman by beating her to death in an attack that took place in the defendant's apartment over several days. Proof of the defendant's involvement in the killing of his lover came from the testimony of his two cohorts, who were properly deemed accomplices as a matter of law (CPL 60.22 [2] [a]), and from the testimony of the married accomplice's wife that she had seen the defendant in his apartment, looking nervous in the presence of the brutalized and unconscious form of his victim.

The trial court properly declined to deem the married accomplice's wife an accomplice herself as a matter of law, since there is no evidence supporting an inference that she

intentionally participated in the crime *(People v Melluzzo,* 167 AD2d 323, *lv denied* 77 NY2d 909). Whether or not she was an accomplice as a matter of fact was properly submitted to the jury because different inferences could reasonably be drawn from the proof *(People v Vataj,* 69 NY2d 985). The trial evidence supports the jury's conclusion that she was not an accomplice, since there is no evidence that she did more than observe, briefly and passively, the murder of someone she hated. Her testimony sufficiently corroborated the evidence of the two eyewitnesses who were deemed accomplices as a matter of law, since her evidence tended to connect the defendant with the crime *(People v Hudson,* 51 NY2d 233), and since it provides details that so harmonize with the accomplices' narrative as to have a tendency to furnish the necessary connection between the defendant and the crime *(People v Bretti,* 68 NY2d 929). Since there is no evidence supporting the inference that this witness, while not participating in the crime charged, did participate in an offense based on the same or some of the same facts or conduct that constituted the offense charged *(see,* CPL 60.22 [2] [b]), it was not error for the Court to exclude this definition from the jury charge on the accomplice question *(cf., People v Velasquez,* 76 NY2d 905). Trial defense counsel agreed with this, having analyzed the facts for the Court on the record, and having agreed with the Court that CPL 60.22 (2) (b) was inapplicable.

The evidence of the antique dealer's murder was legitimately received as an explanation for the defendant's motive to murder his lover as a means of silencing her as a witness to the earlier crime *(see, People v Morales,* 75 AD2d 745). The trial court properly weighed the probative value and potential prejudice of the evidence of a prior crime, and appropriately focused on the need for that evidence *(see, People v Alvino,* 71 NY2d 233 [1987]). We find that the People's presentation of evidence as to the antique dealer's murder was appropriate to the People's need to explain fully the defendant's participation in the unusually savage murder of his own lover. Any undue prejudice was avoided by the trial court's repeated and emphatic charges to the jury that the defendant was not charged with the antique dealer's murder, and that evidence of that murder was being received for a limited purpose *(see, People v Shark,* 165 AD2d 740).

Reduction of sentence is not warranted since the sentence imposed is within the bounds of the applicable sentencing statute and is not excessive under the circumstances of this

case *(see, People v Crenshaw,* 170 AD2d 617, *lv denied* 77 NY2d 993).

We have considered the defendant's remaining arguments, and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.