In the Matter of STATE OF NEW YORK, Respondent, v DONALD N., Appellant. [881 NYS2d 542]—

Spain, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 3, 2008 in Otsego County, which, in a proceeding pursuant to Mental Hygiene Law article 10, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 2002, respondent was convicted of sexual abuse in the first degree, arising out of an incident involving two adolescent girls, and sentenced to a prison term of two years with three years of postrelease supervision. He was paroled in August 2004 but, after violating the terms of his release, his parole was revoked and he was remanded to prison in January 2006. Prior to his release in November 2007, the Attorney General filed a petition claiming that respondent is a recidivist sex offender and seeking an order authorizing civil management of respondent pursuant

to Mental Hygiene Law article 10. In January 2008, respondent appeared in Supreme Court with counsel, waived a probable cause hearing and his right to a jury trial (*see* Mental Hygiene Law § 10.06 [g]; § 10.07) and admitted to being a sex offender who suffers from a mental abnormality requiring management as defined in Mental Hygiene Law article 10 (*see* Mental Hygiene Law § 10.03 [q]; § 10.07 [f]). Supreme Court issued an order which found respondent to be a sex offender suffering from a mental abnormality requiring civil management, imposed mandatory conditions of strict and intensive supervision and treatment (hereinafter SIST) pursuant to Mental Hygiene Law § 10.11, and placed respondent under the supervision of the Division of Parole.

Less than two months later, respondent was arrested for driving while under the influence of drugs after he drove a pickup truck containing two deer carcasses into a ditch. Petitioner then commenced this proceeding alleging that respondent had violated the conditions and terms of his SIST program and seeking a determination that respondent is a dangerous sex offender in need of confinement (*see* Mental Hygiene Law § 10.11 [d] [2], [4]; *see also* Mental Hygiene Law § 10.07 [f]). Following a bench trial, Supreme Court found respondent to be a dangerous sex offender requiring confinement and committed him to a secure treatment facility until such time as he no longer requires confinement. On respondent's appeal, we now affirm.

No dispute exists that respondent is a sex offender requiring civil management as previously determined by Supreme Court (*see* Mental Hygiene Law § 10.03 [q]; § 10.07 [f]),[1] or that the conduct leading to his March 2008 arrest involved violations of his SIST program, authorizing petitioner to seek confinement (*see* Mental Hygiene Law § 10.11 [d] [2]).[2] Instead, respondent argues that in the absence of any evidence that his SIST violation involved any sexually inappropriate conduct, and in light of the conflicting expert testimony regarding the level of danger

---

1. As determined by Supreme Court's January 2008 order, respondent admitted that he has a "mental abnormality" and this finding is supported by both medical experts who testified at the bench trial, who opined that respondent has been appropriately diagnosed as suffering from hebephilia, alcohol dependence and and antisocial personality disorder.

2. Respondent's conduct clearly violated conditions 13, 18 and 51 of the mandated SIST conditions in that it was established that he drove a truck without having received prior approval to drive from his parole supervisors, was under the influence of various drugs that were not prescribed by any medical professional while driving said truck and his conduct violated provisions of state law and threatened the safety and well-being of himself and others.

that respondent poses to himself and the community, petitioner failed to meet its burden of establishing by clear and convincing evidence (*see* Mental Hygiene Law § 10.07 [d]) that respondent is a dangerous sex offender requiring confinement. Further, respondent asserts that confinement is not necessary because his behavior can be adequately controlled by modifying the conditions of his SIST regimen (*see* Mental Hygiene Law § 10.11 [d] [4]).

Pursuant to Mental Hygiene Law article 10, a "dangerous sex offender requiring confinement" is one who is "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). Petitioner relies on evidence of respondent's criminal history—dating back to 1990—and admissions establishing his inability to control his attraction to adolescent females. His 2002 conviction stemmed from his guilty plea to sexual abuse in the first degree for forcible sexual conduct involving two teenage girls who were baby-sitting respondent's then three-year-old son. In 1992, he was arrested for engaging in sex with a 15-year-old girl. Respondent admits to several sexual relationships with underage females, including the mother of his son who was conceived when the child's mother was 16 and he was 24. He freely affirms his attraction to young girls, stating that they make him feel "young again." Significantly, respondent admitted during a polygraph examination that since his last conviction, *after* completing sex offender treatment in prison and when he was in his early 30s, he has had sexual relations with approximately 20 underage females.

Respondent places much emphasis on the fact that his violations did not involve any sexual misconduct. Blood tests confirmed, however, that he violated his SIST plan by using marihuana, morphine and three other controlled substances just six weeks after beginning the program, despite the fact that substance abuse has been identified as respondent's primary risk factor for recidivism. Indeed, alcohol played a role in respondent's most recent conviction and he admitted that he has used alcohol and drugs to manipulate his victims. Despite a professed awareness that substance abuse is his number one risk factor, respondent reported to his own expert witness that he did not consider the positive drug test to be a relapse. After interviewing respondent, petitioner's expert witness—Office of Mental Health psychologist Joel Lord who opined that confinement is necessary—concluded that respondent "has no concern,

nor interests in avoiding the risk factors." Thus, although respondent's SIST violations were not sexual in nature, they remain highly relevant regarding the level of danger that respondent poses to the community with respect to his risk of recidivism.

Lord testified that a stricter civil management plan would be insufficient to treat respondent because respondent does not believe he is doing anything wrong when he pursues young girls and because respondent was unable to articulate an understanding of even the most basic elements of a sex offender treatment program, thereby demonstrating his need for far more intensive treatment than he had been receiving. Respondent's expert witness, psychologist Bud Ballinger, acknowledged that respondent's judgment and impulse control were poor and that respondent had likely been untruthful when he reported that he has experienced a dramatic decrease in his sexual preoccupation, but nevertheless found that confinement was unnecessary. Ballinger opined that more intensive treatment could be provided to address respondent's risk factors, including frequent polygraph testing, intensive substance abuse programming, psychotropic medication and more frequent contact with parole supervisors.

As respondent chose not to testify on his own behalf, Supreme Court focused on respondent's history, his admissions and the conflicting expert testimony in reaching the conclusion that respondent presents a danger to society. The trier of fact is in the best position to evaluate the weight and credibility of conflicting expert medical and psychiatric testimony (see Matter of George L., 85 NY2d 295, 305 [1995]; Matter of Eric U., 40 AD3d 1148, 1149 [2007], lv denied 9 NY3d 809 [2007]) and, under the circumstances presented here, we defer to Supreme Court's decision to credit Lord's opinion over that of Ballinger. We find it particularly significant that petitioner violated his SIST program just hours after an in-home SIST visit from his parole officer, where he specifically sought permission to drive and that request was denied. This blatant disregard for his parole officer's authority and advice seriously undermines petitioner's contentions that more intense SIST monitoring, including more frequent face to face meetings, would be sufficient to control his behavior. Indeed, given the consensus by the experts that diagnostic testing places respondent in the high risk category for sexual recidivism, the compelling testimony that respondent fails to appreciate that he has a problem and his demonstrated inability to adhere to the conditions of parole or his SIST program, we decline to disturb Supreme Court's determination

that respondent suffers from a mental abnormality manifested by a strong disposition to commit sexual offenses and that his inability to contain his behavior presents an unacceptable risk of danger to the community.

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.