■ In the Matter of STATE OF NEW YORK, Respondent, v JASON H., Appellant. [917 NYS2d 708]—

In December 2003 Jason H. (hereinafter the appellant) was convicted of rape in the third degree. Shortly before his release from prison, the State of New York filed a petition pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (*see* Mental Hygiene Law § 10.06 [a]). On February 3, 2009, the appellant appeared before the Supreme Court with counsel, waived his right to a jury trial, and admitted to being a sex offender who suffers from a mental abnormality requiring civil management (*see* Mental Hygiene Law § 10.03 [q]). Upon the appellant's admissions, the Supreme Court found the appellant to be a sex offender suffering from a mental abnormality

requiring civil management, imposed a regimen of mandatory conditions of "strict and intensive supervision and treatment" (hereinafter SIST) (Mental Hygiene Law § 10.11), and placed him under the supervision of the New York State Division of Parole. Among the conditions of his SIST regimen, the appellant agreed that he would not "use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization." On March 12, 2009, 16 days after his release into the community, the appellant conceded to his substance abuse counselor that he had smoked crack cocaine the previous evening. The appellant also tested positive for the presence of cocaine. The State then moved for the civil confinement of the appellant pursuant to Mental Hygiene Law § 10.11 (d) (2), alleging that the appellant had violated the conditions of his SIST regimen, and seeking an order finding the appellant to be a dangerous sex offender requiring confinement. After a hearing, the Supreme Court found the appellant to be a dangerous sex offender requiring confinement, and committed him to a secure facility for care and treatment. We affirm.

A "[d]angerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). The Supreme Court properly concluded that the State established, by clear and convincing evidence (*see* Mental Hygiene Law § 10.11 [d] [4]), that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Donald N.*, 63 AD3d 1391 [2009]; *see also Matter of State of New York v Craig T.*, 77 AD3d 1062 [2010]; *Matter of State of New York v Flagg*, 77 AD3d 1400 [2010]).

Contrary to the appellant's contention, under the circumstances of this case, his admission on February 3, 2009, in connection with the prior civil management petition, that he suffered from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]) was sufficient to establish that he suffered from a mental abnormality on this motion for civil confinement, which was filed on or about March 16, 2009 (*cf. Jones v United States*, 463 US 354 [1983]). In any event, the State presented ample evidence at the hearings, held on October 5 and 6, 2009, to establish, by clear and convincing evidence, that the appellant suffered from a mental abnormality within the meaning of Mental

Hygiene Law article 10. Psychologist Joel Lord's opinion, given in his testimony at the hearing, that the defendant indeed suffered from a mental abnormality and was a dangerous sex offender requiring civil confinement was based on, among other things, a psychological evaluation prepared in 2007. Following his SIST violation in March 2009, the appellant refused to submit to a new psychiatric evaluation pursuant to these proceedings. Having refused to submit to a new psychological evaluation, the appellant may not now rely on the absence of a more current psychiatric evaluation to support his contention that the petitioner failed to prove that he suffered from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]; *cf. People v Melluzzo*, 167 AD2d 323, 324 [1990] [it was the defendant's own obstructive behavior in refusing to appear for the scheduled psychiatric evaluation which deprived the sentencing court of the presentence psychiatric report]).

Moreover, the Supreme Court credited the testimony of Dr. Lord, who expressed his opinion that the appellant's drug abuse was connected to his sex-offending behavior and was a significant component of the appellant's "sex offense cycle." "The trier of fact is in the best position to evaluate the weight and credibility of conflicting expert medical and psychiatric testimony" (*Matter of State of New York v Donald N.*, 63 AD3d at 1394; *see Matter of George L.*, 85 NY2d 295, 305 [1995]). Under the circumstances presented here, we defer to the Supreme Court's determination in this regard. "Thus, although [the appellant's] SIST violations were not sexual in nature, they remain highly relevant regarding the level of danger that [he] poses to the community with respect to his risk of recidivism" (*Matter of State of New York v Donald N.*, 63 AD3d at 1394; *see Matter of State of New York v Flagg*, 77 AD3d at 1402).

The appellant's remaining contention is without merit. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.