# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1407**
**CA 14-00654**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

FRANK CONNOR, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered March 11, 2014 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a jury trial, that he is a detained sex offender who has a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i) and determining, following a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility. We reject respondent's contention that the verdict is against the weight of the evidence. Here, petitioner's two expert psychologists testified that respondent suffered from a mental abnormality, and although respondent's expert testified to the contrary, " '[t]he jury verdict is entitled to great deference based on the jury's opportunity to evaluate the weight and credibility of conflicting expert testimony' " (*Matter of State of New York v Gierszewski*, 81 AD3d 1473, 1474, *lv denied* 17 NY3d 702; *see Matter of State of New York v Parrott*, 125 AD3d 1438, 1439, *lv denied* 25 NY3d 911). Upon our review of the record, we conclude that "the evidence does not preponderate[] so greatly in [respondent's] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Gierszewski*, 81 AD3d at 1474 [internal quotation marks omitted]). Contrary to respondent's further contention, we conclude that petitioner established by clear and convincing evidence at the dispositional hearing that he is a dangerous sex offender requiring confinement (*see* §§ 10.03 [e]; 10.07 [f]). "Supreme Court, as the trier of fact, was in the best position to evaluate the weight and credibility of the conflicting

[psychological] testimony presented . . . , and we see no basis to disturb its decision to credit the testimony of petitioner's expert over that of respondent's expert" (*Matter of State of New York v Gooding*, 104 AD3d 1282, 1282, *lv denied* 21 NY3d 862 [internal quotation marks omitted]).