# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**949**

**CA 15-01830**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

LERRYL SMITH, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 18, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, directed that respondent be confined in a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent appeals from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). In appeal No. 2, respondent appeals from an order that denied his motion for leave to reargue the determination that he is a dangerous sex offender requiring confinement and for an order stating the facts deemed essential to Supreme Court's determination. Initially, we dismiss the appeal from the order in appeal No. 2 insofar as it denied leave to reargue because no appeal lies therefrom (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984).

With respect to appeal No. 1, we note that respondent does not challenge the determination that he violated his SIST conditions (*see* Mental Hygiene Law § 10.11 [d] [1], [4]). He contends, however, that the court's determination that he is a dangerous sex offender requiring confinement (*see* § 10.07 [f]) is against the weight of the evidence inasmuch as respondent's SIST violations did not involve sexual misconduct directed at any victims. We reject that contention. Respondent's SIST violations are "highly relevant regarding the level of danger that respondent poses to the community with respect to his

risk of recidivism" (*Matter of State of New York v Donald N.*, 63 AD3d 1391, 1394; *see Matter of State of New York v DeCapua*, 121 AD3d 1599, 1600, *lv denied* 24 NY3d 913), and we conclude that petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement (*see Matter of State of New York v Connor*, 134 AD3d 1577, 1578, *lv denied* 27 NY3d 903; *DeCapua*, 121 AD3d at 1600).  Contrary to respondent's contention, the court did not err in crediting the testimony of petitioner's expert over that of respondent's expert (*see Connor*, 134 AD3d at 1578; *DeCapua*, 121 AD3d at 1600).

We further conclude that respondent's contention that he should be permitted to appear anonymously in this proceeding is not properly before this Court.  We previously denied such an application by respondent, and he failed to move for leave to renew or reargue that determination (*see generally* 22 NYCRR 1000.13 [p]).  Finally, we conclude in appeal No. 1 that, inasmuch as defendant has been confined to a secure treatment facility, his contentions regarding the lack of treatment during the pendency of the evidentiary hearing have been rendered moot (*see generally Matter of Jeanty v Commissioner of Corr. Servs.*, 92 AD3d 1160, 1161).

In appeal No. 2, we reject respondent's contention that the court failed to state in its decision "the facts it deem[ed] essential" to its determination (CPLR 4213 [b]; *see Matter of Skinner v State of New York*, 108 AD3d 1134, 1134).  Here, the court's "decision, despite its brevity, fully complies" with section 4213 (b) (*Vance Metal Fabricators v Widell & Son*, 50 AD2d 1062, 1063).  We also reject respondent's contention that he was denied due process because the court failed to set forth detailed findings of fact in support of its decision.  There is no such requirement in Mental Hygiene Law article 10 and, in any event, we conclude that the court's decision adequately sets forth the basis for its determination (*see Matter of State of New York v Brusso*, 105 AD3d 1435, 1435).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court