# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1268**
**CA 15-01438**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JEDEDIAH HUSTED, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (LISA L. PAINE OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered July 22, 2015 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, granted the petition and determined that respondent violated the conditions of strict and intensive supervision and that he is a dangerous sex offender requiring confinement.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is denied, and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order that, inter alia, granted the petition and determined that he violated the conditions of strict and intensive supervision (SIST) imposed on May 31, 2011 and that he is a dangerous sex offender requiring confinement. We agree with respondent that the evidence is not legally sufficient to establish, by clear and convincing evidence (*see* Mental Hygiene Law § 10.07 [f]), that he required confinement pursuant to Mental Hygiene Law article 10.

The evidence at the hearing established that respondent violated the terms and conditions of SIST by using alcohol in November 2013 and marihuana in December 2014 and February 2015, and by being discharged from sex offender treatment. We note, however, that respondent's treatment provider testified that his discharge from treatment was based solely on his substance abuse violations, that he was otherwise appropriately engaged in treatment, and that she was willing to accept him in treatment again. The evidence also established that respondent had been diagnosed with antisocial personality disorder, alcohol use disorder and cannabis use disorder.

As the Court of Appeals made clear in *Matter of State of New York*

*v Michael M.* (24 NY3d 649, 658-659), the statutory definitions of a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.03 [e]) and a sex offender requiring strict and intensive supervision (*see* § 10.03 [r]) "clearly envisage[] a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be supervised and treated as 'outpatients' and only the latter may be confined" (*Michael M.*, 24 NY3d at 659). Here, viewing the evidence in the light most favorable to petitioner, we conclude that the evidence was "insufficient to support the trial court's finding that respondent had such an inability to control his behavior that he was likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (*id.* at 660). Indeed, it is undisputed that the alleged violations of respondent's SIST conditions related solely to his use of alcohol and marihuana, and not to any alleged sexual conduct (*see id.* at 659). We therefore reverse the order, deny the petition, and remit the matter to Supreme Court for further proceedings. Respondent failed to preserve for our review his contention that he was denied due process based on the lack of legally sufficient evidence that he is a dangerous sex offender requiring confinement and, in light of our determination, we decline to reach that contention.

We reject respondent's contention that the court erred in failing to consider a less restrictive alternative to confinement inasmuch as there is no requirement that the court do so (*see Matter of State of New York v Parrott*, 125 AD3d 1438, 1439-1440, *lv denied* 25 NY3d 911; *see generally Michael M.*, 24 NY3d at 657-658). Respondent's contention that he should be permitted to appear anonymously in this proceeding is not properly before us inasmuch as we previously denied such an application from respondent, and he failed to move for leave to renew or reargue that determination (*see Matter of State of New York v Smith* [appeal No. 1], ___ AD3d ___, ___ [Dec. 23, 2016]).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court