■ In the Matter of the STATE OF NEW YORK, Respondent, v WILLIAM J., Appellant. (Appeal No. 2.) [58 NYS3d 789]—

Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered April 6, 2016 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to the custody of the Commissioner of the New York State Office of Mental Health for confinement in a secure treatment facility.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (*see* Mental Hygiene Law § 10.01 *et seq.*). We affirm.

At the revocation hearing, respondent stipulated that he

violated his SIST conditions and that he suffers from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]). Respondent contends that the evidence is legally insufficient to support a determination that he has "such an inability to control behavior" that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.07 [f]). Specifically, respondent relies on the absence of any evidence that his SIST violations involved any sexually inappropriate conduct, and contends that, in light of the conflicting expert testimony regarding the level of danger that respondent poses to himself and the community, petitioner failed to meet its burden of establishing by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement (see id.; § 10.11 [d] [4]). We reject that contention. We note at the outset that Supreme Court "was not limited to considering only the facts of the SIST violations" that prompted this revocation proceeding but, rather, it was entitled to "rely on all the relevant facts and circumstances tending to establish that respondent was a dangerous sex offender," such as his underlying offenses and past SIST violations (Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [2010]; see Matter of State of New York v DeCapua, 121 AD3d 1599, 1600 [2014], lv denied 24 NY3d 913 [2015]). We further note that, although respondent's SIST violations were not sexual in nature, they "remain highly relevant regarding the level of danger that respondent poses to the community with respect to his risk of recidivism" (Matter of State of New York v Donald N., 63 AD3d 1391, 1394 [2009]; see Matter of State of New York v Smith, 145 AD3d 1445, 1445-1446 [2016]; Matter of State of New York v Jason H., 82 AD3d 778, 780 [2011]).

Here, petitioner's expert testified that respondent suffers from antisocial personality disorder, substance abuse disorder, and severe cocaine and alcohol use disorder. Respondent's instant SIST violations included the use of cocaine on at least two occasions within one month of release to the community. Respondent has violated the conditions of SIST release on two prior occasions, and those violations also involved cocaine use. Petitioner's expert described respondent's cocaine use upon his most recent release to be of an "escalating" nature, and opined that respondent is unable to curb his craving for cocaine and has demonstrated a lack of cooperation with, and resentment toward, substance abuse and sex offender treatment. Petitioner's expert further opined that respondent's sex offending behavior is "linked" with his cocaine usage and his sexual arousal has become conditioned to his cocaine usage. Moreover, every examiner who has evaluated respondent has concluded

that his sex offending behavior is linked to his substance abuse, and the hearing record contains numerous admissions by respondent that his sex offending behavior is linked to his cocaine use. Petitioner's expert testified that, based on his Static-99 scores, respondent was at a moderate to high risk of recidivism, and respondent's score on the Acute-2007 placed him in the high range risk of recidivism. Although respondent's expert testified that respondent had "put some distance" between his cocaine use and his sex offending behavior, respondent's expert also agreed that "[t]here's no doubt that one could lead to the other." We thus conclude that petitioner established by the requisite clear and convincing evidence that respondent's substance abuse was linked to his sex offending behavior and that respondent is a dangerous sex offender requiring confinement (see Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]; *Jason H.*, 82 AD3d at 779-780; *Donald N.*, 63 AD3d at 1391).

All concur except Curran, J., who dissents and votes to reverse in accordance with the following memorandum.

Curran, J. (dissenting). I respectfully disagree with the majority that the evidence was sufficient to show, by clear and convincing evidence (see Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]), that respondent's inability to control sexual misconduct required confinement pursuant to Mental Hygiene Law article 10. Therefore, I dissent.

The Mental Hygiene Law defines a " '[d]angerous sex offender requiring confinement' " as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, *and such an inability to control behavior*, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e] [emphasis added]).

Recently, in *Matter of State of New York v Michael M.* (24 NY3d 649 [2014]), the Court of Appeals held that, in order to revoke a respondent's regimen of strict and intensive supervision and treatment (SIST) and impose civil confinement, the State must demonstrate that the respondent has an "inability to control *sexual misconduct*" (*id.* at 659 [emphasis added]). In other words, to be a dangerous sex offender requiring confinement, the State has to demonstrate that the respondent has "such an *inability* to control behavior that the person is likely to be a danger to others and to commit sex offenses if not confined" (*id.* at 660 [emphasis added]). The Court reasoned that the statute "clearly envisages a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be

supervised and treated as 'outpatients' and only the latter may be confined" (*id*. at 659).

The Court in *Michael M.* found it significant that the record in that case "reveal[ed] nothing relevant to the issue of respondent's sexual control that occurred" from the time that the court imposed SIST rather than civil confinement to the time that the respondent was ordered to be confined (*id*.). Further, the Court commented that Mental Hygiene Law article 10 "implicitly contains its own 'least restrictive alternative doctrine' " (*id*. at 658). The legislative findings for Mental Hygiene Law article 10 limit confinement "by civil process" to "extreme cases" involving "the most dangerous offenders" (Mental Hygiene Law § 10.01 [b]), and the Court referred to SIST as "the least restrictive option" for a sex offender suffering from a mental abnormality (*Michael M.*, 24 NY3d at 658).

In *Matter of State of New York v Husted* (145 AD3d 1637 [2016]), this Court followed the rule set forth in *Michael M.* and determined that the evidence established that the respondent violated the terms and conditions of his SIST regimen by using alcohol and marihuana, and by being discharged from sex offender treatment (*see id*. at 1638). We reversed the order determining that the respondent required confinement, however, stating that it was "undisputed that the alleged violations of respondent's SIST conditions related solely to his use of alcohol and marihuana, and not to any alleged sexual conduct" (*id*.).

Similarly, in this case, there is no evidence, clear and convincing or otherwise, linking the substance abuse underlying respondent's SIST violations to any sexual misconduct while on SIST. Petitioner relies on expert testimony that respondent's substance abuse is linked with his sexual behaviors. While that evidence established that respondent had *difficulty in controlling* his sexual conduct while using controlled substances and that respondent has a mental abnormality, it did not establish an *inability to control* his behavior, i.e., sexual conduct, while on SIST, which is necessary to establish that confinement is required. Rather, the undisputed evidence in this case establishes that, despite engaging in high risk substance abuse behavior while on SIST, respondent had not committed a sexual offense during the past thirteen years. Respondent's SIST violations have all been related to substance abuse and curfew violations. These violations are similar to "[t]he vast majority of SIST violations[, which are] technical in nature and involved such acts as violating curfew, GPS infractions, and using alcohol or other substances" (New York State

Office of Mental Health, 2015 Annual Report on the Implementation of Mental Hygiene Law Article 10 at 10). In other words, respondent's substance abuse SIST violations are the norm confronting our courts and *Michael M.* makes clear that civil confinement is not the default remedy for such nonsexual violations of SIST orders.

In cases such as this one, upon an alleged SIST violation, the court is confronted with a choice between continuing and/or modifying SIST, or civil confinement, and the latter is appropriate only upon a determination of "an inability to control behavior" which, in my view, must be related to sexual offenses or at least violations of a sexual nature. Otherwise, courts would be confining individuals such as respondent, who has completed his criminal sentence, without a sufficient statutory foundation inasmuch as the statute limits confinement to "extreme cases" involving "the most dangerous [sex] offenders" (Mental Hygiene Law § 10.01 [b]). While courts are understandably frustrated at repeated noncompliance with the supervision and treatment requirements provided in a SIST order, *Michael M.*, in my view, compels courts to choose the least restrictive option of SIST, except when the situation is so extreme that confinement is required by clear and convincing evidence. Indeed, in this case, the court noted in its decision that less restrictive SIST options were available for respondent, including placement in a residential treatment or inpatient treatment facility, but the court declined to consider those options. Rather, the court stated that such alternative options were not properly before it, and that the sole issue was to decide whether respondent is a dangerous sex offender requiring confinement. That reasoning, however, highlights that confinement is often the default option chosen by courts when making a determination in cases like this one. In my view, *Michael M.* requires courts to consider less restrictive options for these types of respondents, rather than simply imposing civil confinement, particularly where, as here, the case involves nonsexual SIST violations.

For these reasons, I would reverse the order, deny the petition, and remit the matter to Supreme Court for further proceedings. Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.