Matter of State of New York v Jamaal A. (2018 NY Slip Op 08811)





Matter of State of New York v Jamaal A.


2018 NY Slip Op 08811


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1231 CA 17-00443

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
JAMAAL A., RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Sara Sheldon, A.J.), entered February 2, 2017 in a proceeding pursuant to Mental Hygiene Law article 10. The order, inter alia, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order revoking his prior regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.), respondent contends that Supreme Court erred in determining that he has a mental abnormality that predisposes him to commit sex offenses. That contention is not properly before us. "In a SIST revocation hearing, like in a dispositional hearing following trial on the issue of mental abnormality, the statute gives the court only two dispositional choices—to order civil confinement or to continue a regimen of SIST . . . , both of which assume that respondent has a mental abnormality. The only issue before the court, therefore, is whether the mental abnormality is such that respondent requires confinement . . . In light of that statutory structure, we see no need to address respondent's contention[] that the evidence of mental abnormality was insufficient" (Matter of State of New York v Breeden, 140 AD3d 1649, 1649 [4th Dept 2016]; see Matter of State of New York v David HH., 147 AD3d 1230, 1233 [3d Dept 2017], lv denied 29 NY3d 913 [2017]).
Contrary to respondent's further contention, petitioner established by clear and convincing evidence (see Mental Hygiene Law
§ 10.11 [d] [4]) that respondent was a dangerous sex offender requiring confinement, i.e., a person "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that [he] is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]; see Matter of State of New York v George N., 160 AD3d 28, 30 [4th Dept 2018]). Although respondent's SIST violations did not involve sexual conduct, they demonstrated an "increased sexual preoccupation, [as well as] ongoing deceptive, manipulative, and victim-grooming behaviors." Moreover, respondent had resisted supervision and seemed unable to refrain from his "impulsive, high-risk behaviors in total disregard of the known potential negative consequences of such behaviors." We thus conclude that the SIST violations "[bore] a close causative relationship to sex offending" (George N., 160 AD3d at 33), and " remain highly relevant regarding the level of danger that [respondent] poses to the community with respect to his risk of recidivism' " (Matter of State of New York v Jason H., 82 AD3d 778, 780 [2d Dept 2011]; see Matter of State of New York v William J. [appeal No. 2], 151 AD3d 1890, 1891-1892 [4th Dept 2017]; cf. George N., 160 AD3d at 33-34; Matter of State of New York v Husted, 145 AD3d 1637, 1638 [4th Dept [*2]2016]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court