# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

474
CA 15-00088
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDWARD BREEDEN, RESPONDENT-APPELLANT.

---

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(PATRICK T. CHAMBERLAIN OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Samuel
D. Hester, J.), entered November 18, 2014 in a proceeding pursuant to
Mental Hygiene Law article 10.  The order, among other things,
committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order revoking his prior
regimen of strict and intensive supervision and treatment (SIST),
determining that he is a dangerous sex offender requiring confinement,
and committing him to a secure treatment facility (*see* Mental Hygiene
Law § 10.01 *et seq.*).

We reject respondent's contention that Supreme Court erred in
ruling that the question whether respondent suffers from a mental
abnormality is not at issue in a SIST revocation hearing.  In a SIST
revocation hearing, like in a dispositional hearing following trial on
the issue of mental abnormality, the statute gives the court only two
dispositional choices—to order civil confinement or to continue a
regimen of SIST (*compare* Mental Hygiene Law §§ 10.07 [f] *with* 10.11
[d] [4]), both of which assume that respondent has a mental
abnormality.  The only issue before the court, therefore, is whether
the mental abnormality is such that respondent requires confinement
(§ 10.11 [d] [4]; *see generally Matter of State of New York v Michael
M.*, 24 NY3d 649, 658-659).  In light of that statutory structure, we
see no need to address respondent's contentions that the evidence of
mental abnormality was insufficient.

We reject respondent's further contention that the evidence is
insufficient to support a finding that respondent has "such an

inability to control behavior" that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]).  At the SIST revocation hearing, respondent's parole officer testified that respondent admitted that he gave an 18-year-old woman a ride in his car in violation of his SIST conditions, ordered her to remove her pants, yelled at her, touched her leg without permission, and did so intending to scare her.  Further, petitioner offered the testimony of an expert psychologist, who opined that respondent was a dangerous sex offender requiring confinement.  Petitioner's expert testified that, in forming her opinion, she reviewed reports detailing respondent's numerous SIST violations, including the 18-year-old victim's statement, which contained allegations that were sexual in nature. Further, petitioner's expert testified that she considered respondent's STATIC-99 scores showing a "moderate-to-high" risk of recidivism, and she described the documented failure of respondent's relapse prevention plan, his initial refusal to engage in sex offender treatment while incarcerated, and his eventual failed evaluations in and subsequent removal from sex offender treatment.  Upon our review of the record, particularly the uncontradicted testimony of petitioner's expert, we conclude that petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement (*see Matter of State of New York v DeCapua*, 121 AD3d 1599, 1600, *lv denied* 24 NY3d 913; *see generally Matter of State of New York v Robert F.*, 25 NY3d 448, 454-455).

We reject respondent's contention that the admission of certain hearsay statements into evidence denied him due process.  Although the court erred in admitting certain hearsay evidence, i.e., victim statements about alleged inappropriate sexual behavior, the court "is presumed to be able to distinguish between admissible evidence and inadmissible evidence . . . and to render a determination based on the former" (*Matter of State of New York v Parrott*, 125 AD3d 1438, 1439 [internal quotation marks omitted], *lv denied* 25 NY3d 911; *see Matter of State of New York v Mark S.*, 87 AD3d 73, 80, *lv denied* 17 NY3d 714).  Moreover, we conclude that there is " 'no reasonable possibility' " that, had the statements been excluded, the court would have reached a different determination (*Matter of State of New York v Charada T.*, 23 NY3d 355, 362; *see Parrott*, 125 AD3d at 1439).

Finally, respondent contends that the court erred in allowing petitioner to prosecute SIST violations that occurred approximately three years earlier.  That contention is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court