In the Matter of STATE OF NEW YORK, Respondent, v WAYNE J., Appellant. [39 NYS3d 206]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Wayne J., an adjudicated sex offender suffering from a mental abnormality requiring civil management, in which the State of New York moved pursuant to Mental Hygiene Law § 10.11 (d) (2) for the civil confinement of Wayne J., Wayne J. appeals from an order of the Supreme Court, Westchester County (Cacace, J.), entered February 27, 2015, which, after a hearing, found that he violated the mandatory conditions of his strict and intensive supervision and treatment regimen, found him to be a dangerous sex offender requiring civil confinement, granted the motion, and directed that he be committed to a secure facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

In May 2010, prior to the appellant's anticipated release from a correctional facility, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10, alleging that the appellant is a sex offender requiring civil management. After a finding that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), the appellant consented to a determination that he is a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST). After hearing arguments as to the regimen of SIST to be imposed, the Supreme Court, in effect, granted the Mental Hygiene Law article 10 petition and imposed the regimen (see *Matter of State of New York v Wayne J.*, 127 AD3d 1211, 1212 [2015]).

In August 2014, the appellant was taken into custody for SIST violations, and the State moved for civil confinement pursuant to Mental Hygiene Law § 10.11 (d) (2), alleging that the appellant had violated the conditions of his SIST regimen, and seeking an order finding him to be a dangerous sex offender requiring civil confinement.

After a hearing, the Supreme Court found that the appellant violated the mandatory conditions of his SIST regimen, found him to be a dangerous sex offender requiring civil confinement, granted the motion, and directed that he be committed to a secure facility for care and treatment.

Contrary to the appellant's contention, under the circumstances of this case, his admission on October 11, 2013, that he suffered from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]) on the initial petition for SIST established that he suffered from a mental abnormality for the purposes of the State's subsequent motion for civil confinement upon his SIST violations (*see Matter of State of New York v Breeden*, 140 AD3d 1649 [2016]; *Matter of State of New York v Jason H.*, 82 AD3d 778, 779 [2011]).

Furthermore, the State established by clear and convincing evidence that the appellant has "such an inability to control behavior" that he "is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.07 [f]), and thus, is a dangerous sex offender requiring civil confinement (*see Matter of State of New York v Breeden*, 140 AD3d at 1649; *Matter of State of New York v Jason H.*, 82 AD3d at 779).

Viewing the record in its totality, the appellant was not denied the effective assistance of counsel (*see Matter of State of New York v Timothy BB.*, 113 AD3d 18, 23 [2013]; *Matter of State of New York v Campany*, 77 AD3d 92, 99 [2010]).

The appellant's remaining contention is without merit (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 135 [2010]). Rivera, J.P., Leventhal, Maltese and Connolly, JJ., concur.