*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 5, 2017                    522649
_____

In the Matter of RENE I.,
                    Appellant,
          v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   November 21, 2016

Before:   McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

_____

        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Matthew Bliss of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

_____

Lynch, J.

        Appeal from an order of the Supreme Court (Demarest, J.),
entered April 16, 2015 in St. Lawrence County, which dismissed
petitioner's application, in a proceeding pursuant to Mental
Hygiene Law article 10, for his discharge from confinement at a
secure treatment facility.

        In 1980, petitioner was convicted of, among other things,
rape in the first degree and sodomy in the first degree and
sentenced to 12½ to 25 years in prison.  At the time that he
committed the crimes, he was on parole for two attempted rape
convictions.  Petitioner was subsequently diagnosed with
antisocial personality disorder, exhibitionism and paraphilia not
otherwise specified, determined to be a dangerous sex offender
and has been civilly confined in a secure treatment facility

since February 2010 (see Mental Hygiene Law § 10.01 et seq.).  In November 2014, petitioner exercised his right to petition the court for discharge (see Mental Hygiene Law § 10.09 [a]) and an evidentiary hearing was held in April 2015 (see Mental Hygiene Law § 10.09 [d]; Matter of State of New York v Nelson D., 22 NY3d 233, 243 [2013]).  At the conclusion of the hearing, Supreme Court determined that petitioner was a "dangerous sex offender requiring confinement" and, thus, continued his confinement (Mental Hygiene Law § 10.09 [h]).  Petitioner now appeals.

Petitioner contends that respondent failed to establish that he suffers from a mental abnormality to the extent there was not clear and convincing evidence that he had "serious difficulty in controlling" his sexual misconduct within the meaning of Mental Hygiene Law § 10.03 (i).  We disagree.  Mental Hygiene Law § 10.03 (e) defines a "[d]angerous sex offender requiring confinement" as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (see Matter of Sincere KK. v State of New York, 111 AD3d 1083, 1084 [2013], lv denied 26 NY3d 906 [2015]).  To establish that a sex offender has difficulty controlling his or her behavior requires more than just a showing "that a sex offender did not make efforts to avoid arrest and reincarceration" (Matter of State of New York v Donald DD., 24 NY3d 174, 188 [2014]).  By comparison a "detailed psychological portrait . . . would doubtless allow an expert to determine the level of control [an] offender has over his [or her] sexual conduct" (id.; see Matter of State of New York v Dennis K., 27 NY3d 718, 734-735, 751-752 [2016], cert denied ___ US ___ [Dec. 5, 2016]).

Here, respondent offered the testimony of Danielle Tope, an Office of Mental Health psychiatric examiner, and the report that she prepared as part of her evaluation.  Tope explained that, because petitioner declined to be interviewed for the evaluation, she relied on prior psychiatric evaluations, facility records and progress notes, police and parole records, and disciplinary reports to diagnose petitioner with borderline intellectual

function, schizophrenia, antisocial personality disorder, exhibitionistic disorder and an unspecified paraphilic disorder. When explaining her opinion that petitioner was predisposed to commit sex offenses and was unable to control his behavior, Tope cited such factors as petitioner's age when he began committing sex offenses, the proximate timing of his offenses, his disciplinary record indicating that, on "multiple" occasions, he exposed himself and masturbated in the presence of staff and his perjorative attitude towards women. Tope also relied on the results of a rating tool known as the Violence Risk Scale-Sexual-Offender Version, which indicated a high risk that petitioner would reoffend. She explained that petitioner remained unable to complete treatment due to his conduct, had conceded that "if temptation is present, he will act," and that he had poor insight and an inability to understand his triggers. Contrary to petitioner's argument, we find that Tope provided a sufficient "psychological portrait" to support her opinion that petitioner lacks control over his sexual misconduct (Matter of State of New York v Donald DD., 24 NY3d at 188). According deference to the trial court's ability to evaluate Tope's opinions and absent any conflicting evidence, we find that respondent established by clear and convincing evidence that petitioner continues to be a dangerous sex offender requiring civil confinement (see Matter of Sincere KK. v State of New York, 111 AD3d at 1084).

McCarthy, J.P., Rose, Clark and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court