*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    521447
_____

In the Matter of STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

DAVID HH.,
                    Appellant.
_____

Calendar Date:  January 20, 2017

Before:  Garry, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon Stockwell of counsel), for appellant.

Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.

_____

Clark, J.

Appeal from an order of the Supreme Court (Faughnan, J.), entered May 11, 2015 in Madison County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to revoke respondent's regimen of strict and intensive supervision, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 2008, at the age of 29, respondent was arrested on charges of rape in the second degree and criminal sexual act in the second degree following allegations that, on two occasions, he raped a 13-year-old girl.  Respondent pleaded guilty to rape in the second degree and, in February 2009, he was sentenced to a prison term of two years, followed by four years of postrelease

supervision.  In 2011, respondent was conditionally released from prison, but within a few months he violated the terms of his release by, among other things, accessing the Internet without authorization and possessing pornographic materials, multiple computers and children's videos.  As a result, respondent's conditional release was revoked and he returned to prison.

In November 2012, in anticipation of respondent's re-release to postrelease supervision, petitioner commenced a Mental Hygiene Law article 10 proceeding seeking civil management of respondent (see Mental Hygiene Law § 10.06 [a]).  Following a psychiatric evaluation, respondent was diagnosed with antisocial personality disorder and sexual preoccupation and he thereafter consented to a finding that he is a detained sex offender who suffers from a mental abnormality and requires strict and intensive supervision (see Mental Hygiene Law § 10.03 [r]).  Supreme Court (Cerio Jr., J.) adjudicated respondent to be a sex offender requiring strict and intensive supervision and issued an order directing that, upon his release, respondent be subject to a regimen of strict and intensive supervision and treatment (hereinafter SIST) (see Mental Hygiene Law § 10.07 [f]).  In June 2013, respondent was released to postrelease supervision and also placed on SIST.  Roughly three months later, respondent's parole officer found respondent to be in possession of an external hard drive containing a pornographic video depicting a "'dream rape scene,'" as well as an electronic device containing pictures of children and music of a sexual and violent nature.  Respondent was taken into custody on a parole violation warrant and he ultimately returned to prison, where he remained until the expiration of his sentence in January 2015.

In December 2014, in anticipation of respondent's release, Ronald Field, a clinical psychologist employed by the Office of Mental Health, conducted a psychiatric evaluation of respondent to determine if he was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.03 [e]) and, if not, what, if any, modifications to the existing SIST plan were necessary to ensure that he could be safely treated within the community.  Field concluded that, at that time, respondent was not a dangerous sex offender requiring civil confinement, but advised that, because respondent had reported that pornography

depicting adults was "a trigger for his sexual offending cycle," any modifications to respondent's SIST should "target his sexual preoccupation and use of pornography[,] as well as ensure [that] his access to such materials be limited and monitored."  On January 11, 2015, following the expiration of his sentence, respondent was released to SIST, under the supervision of the Division of Parole (see Mental Hygiene Law § 10.11 [c]), and he moved into his mother's residence.

Less than two months after his release, respondent admitted during a polygraph test that he possessed pornographic magazines. The following day, respondent's parole officer visited respondent's residence to conduct a home search, and respondent led the parole officer to a bookshelf where four pornographic magazines were located.  Upon further questioning as to the location of any additional pornographic materials, respondent indicated that such material "could" be in his bedroom or in the hallway outside of his bedroom.  A search of these areas disclosed the presence of four pornographic movies, some of which depicted rape and torture scenes, and five children's movies starring certain child stars.  Having reasonable cause to believe that respondent had violated certain conditions of his regimen of SIST, respondent's parole officer took respondent into custody and referred him for a psychiatric evaluation, which Field conducted five days later (see Mental Hygiene Law § 10.11 [d] [1]).[1]

Petitioner then commenced this SIST revocation proceeding seeking an order finding respondent to be a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.11 [d] [2]).  Supreme Court (Faughnan, J.) found probable cause to believe that respondent was a dangerous sex offender requiring confinement and directed that he be committed to a

---

[1]  In both his 2014 and 2015 psychiatric evaluation reports, Field agreed with the diagnostic conclusions of the 2012 psychiatric evaluator, but indicated that, under the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders, which had been released in the interim, "sexual preoccupation" was now referred to as "hypersexuality."

secure treatment facility pending the conclusion of the proceeding (see Mental Hygiene Law §§ 10.06 [k]; 10.07 [f]; 10.11 [d] [4]).  Following a hearing, Supreme Court found that respondent is a dangerous sex offender requiring civil confinement, revoked his release on SIST and directed that he be committed to a secure treatment facility (see Mental Hygiene Law § 10.11 [d] [4]; see also Mental Hygiene Law § 10.07 [f]).  Respondent appeals.

Initially, respondent challenges the finding that he suffers from a mental abnormality.  However, as Supreme Court correctly recognized, the question of whether respondent suffers from a mental abnormality was not at issue in his SIST revocation hearing, as he had consented to the finding of mental abnormality that led to the underlying SIST order.  Moreover, as is the case with a dispositional hearing following a hearing on the issue of mental abnormality (see Mental Hygiene Law § 10.07 [f]), the relevant statutory provision provides only two dispositional choices in a SIST revocation proceeding: civil confinement or a regimen of SIST, both of which operate on the presumption that there has already been a finding of mental abnormality (see Mental Hygiene Law § 10.11 [d] [4]; Matter of State of New York v Breeden, 140 AD3d 1649, 1649 [2016]).  Accordingly, under these circumstances, the issue of whether respondent suffers from a mental abnormality was not before Supreme Court in his SIST revocation proceeding (see Matter of State of New York v Wayne J., 143 AD3d 834, 835 [2016]; Matter of State of New York v Breeden, 140 AD3d at 1649; Matter of State of New York v Jason H., 82 AD3d 778, 779 [2011]).[2]

Respondent also challenges Supreme Court's determination that he is a dangerous sex offender requiring civil confinement.  Respondent does not dispute that he violated certain conditions of his SIST regimen; rather, he argues that petitioner failed to prove by clear and convincing evidence that his violations demonstrated an inability to control his behavior, such that he

_____

[2]  Respondent may challenge the issue of whether he suffers from a mental abnormality by petitioning the court for discharge (see Mental Hygiene Law § 10.09 [a], [f]).

was likely to be a danger to others and to commit sex offenses if not confined.  We disagree.

Under Mental Hygiene Law article 10, a dangerous sex offender requiring confinement is defined as "a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]).  In contrast, a sex offender requiring strict and intensive supervision is an individual who is a detained sex offender and suffers from a mental abnormality – that is, "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]) – but who does not meet the definition of a dangerous sex offender requiring confinement (see Mental Hygiene Law § 10.03 [r]).  As made clear by the statutory language, Mental Hygiene Law article 10 "envisages a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it.  The former are to be supervised and treated as 'outpatients' and only the latter may be confined" (Matter of State of New York v Michael M., 24 NY3d 649, 659 [2014]).

At the SIST revocation hearing, petitioner offered, among other things, the psychiatric evaluation reports and testimony of Field, who opined that respondent was at a high risk of reoffending if he remained in the community given the "strength" of respondent's need for pornography, compulsion for sexual gratification and inability to comply with the conditions of SIST imposed upon him and that, therefore, respondent was a dangerous sex offender requiring civil confinement.  Field testified that, in reaching his opinion, he relied on the facts and circumstances underlying respondent's repeated SIST violations, his demonstrated inability to rid himself of pornographic materials, despite having been repeatedly advised to do so, and his admission that pornography was a "trigger" for his sexual

offending behavior.  Field also described respondent's concerning, deceptive behavior for a sex offender released on SIST, including respondent's inconsistent statements as to his knowledge of the presence of pornography in his residence and the frequency with which he engaged in self-gratification.  Field further pointed to respondent's scores on three actuarial tests, which together categorized respondent as a "high [c]urrent [r]isk [p]riority" for sexual and violent recidivism, as well as general recidivism.  Respondent offered no competing expert testimony to rebut Field's conclusion that respondent is a detained sex offender who suffers from a mental abnormality, is unable to control his sexual misconduct and is likely to be a danger to others and to commit sex offenses if not civilly confined. Deferring to Supreme Court's ability to evaluate Field's unrebutted opinion testimony (see Matter of Rene I. v State of New York, 146 AD3d 1056, ___, 45 NYS3d 259, 260-261 [2017]; Matter of William II. v State of New York, 110 AD3d 1282, 1283 [2013]), we find that petitioner established by clear and convincing evidence that respondent is a dangerous sex offender requiring civil confinement (see Matter of State of New York v Breeden, 140 AD3d at 1649-1650; Matter of State of New York v Donald N., 63 AD3d 1391, 1392-1395 [2009]; compare Matter of State of New York v Michael M., 24 NY3d at 659; Matter of State of New York v Husted, 145 AD3d 1637, 1638 [2016]).

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court