In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Jameek B., an adjudicated sex offender previously determined to have been suffering from a mental abnormality requiring civil management, Jameek B. appeals from an order of the Supreme Court, Nassau County (Delligatti, J.), entered June 17, 2016, which after a hearing, found that he violated the mandatory conditions of his strict and intensive supervision and treatment regimen, found him to be a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In 2005, the appellant was incarcerated after he was convicted of criminal sexual act in the third degree (two counts) and sexual misconduct (two counts) for engaging in a series of sexual acts with two 15-year-old girls. In January 2013, as his release date approached, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10, alleging that he was a sex offender requiring civil management. After a finding, upon the appellant’s consent dated April 18, 2014, that he suffered from a mental abnormality, the appellant waived a dispositional hearing and consented to a determination that he was a sex offender requiring strict and intensive supervision and treatment (hereinafter SIST). In May 2014, the appellant was released into the community on a SIST regimen.
 

 In June 2014, approximately three weeks after his release into the community, the appellant was arrested for violating the conditions of his SIST regimen. The State subsequently filed a petition to revoke the appellant’s release pursuant to the SIST regimen and confine him in a secure facility as a dangerous sex offender (see Mental Hygiene Law § 10.11 [d] [2]). After a hearing, the Supreme Court determined that the State had failed prove by clear and convincing evidence that the appellant was a dangerous sex offender requiring confinement. Therefore, in September 2015, the court, in effect, denied the petition, dismissed the proceeding, and re-released him into the community on his original SIST regimen.
 

 In October 2015, approximately five weeks after his re-release into the community, the appellant was again taken into custody for violating the conditions of his SIST regimen. In November 2015, the State again filed a petition to revoke the appellant’s release pursuant to the SIST regimen and confine him in a secure facility as a dangerous sex offender. In June 2016, following a hearing, the Supreme Court determined that the State had met its burden of showing by clear and convincing evidence that the appellant was a dangerous sex offender requiring confinement, and committed him to a secure facility.
 

 Contrary to the appellant’s contention, his pre-release admission that he suffered from a mental abnormality (see Mental Hygiene Law § 10.03 [i]) established that he suffered from a mental abnormality for the purposes of the subsequent proceeding to revoke his release (see Matter of State of New York v David HH., 147 AD3d 1230 [2017]; Matter of State of New York v Wayne J., 143 AD3d 834 [2016]; Matter of State of New York v Jason H., 82 AD3d 778 [2011]).
 

 Furthermore, the State established, by clear and convincing evidence, that the appellant’s level of dangerousness required confinement (see Mental Hygiene Law §§ 10.07 [f]; 10.11 [d] [4]; Matter of State of New York v Robert F., 25 NY3d 448, 455 [2015]; Matter of State of New York v Larry B., 113 AD3d 865, 867 [2014]). While the appellant’s violations of the conditions of his SIST regimen were not sexual in nature, they were nonetheless “highly relevant regarding the level of danger that [the appellant] poses to the community with respect to his risk of recidivism” (Matter of State of New York v Donald N., 63 AD3d 1391, 1394 [2009]).
 

 The appellant’s remaining contention is without merit.
 

 Dillon, J.P., Balkin, Miller and LaSalle, JJ., concur.