Matter of State of New York v Karl X. (2019 NY Slip Op 03426)





Matter of State of New York v Karl X.


2019 NY Slip Op 03426


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526893

[*1]In the Matter of STATE OF NEW YORK, Respondent,
v
KARL X., Appellant.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


The Kindlon Law Firm, PLLC, Albany (Martin P. Bonventre of counsel), for appellant.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered July 6, 2017 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to revoke respondent's regimen of strict and intensive supervision, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.
Respondent has a history of committing sex offenses against minors. In 2012, respondent was designated a sex offender requiring civil management, placed on a regimen of strict and intensive supervision treatment (hereinafter SIST) and released under the parole supervision of the Department of Corrections and Community Supervision. In 2014 and 2015, respondent was alleged to have violated his SIST condition. Petitioner unsuccessfully petitioned to have respondent civilly confined, and respondent was released to the community under SIST supervision. After respondent's parole officer discovered that respondent had violated numerous SIST conditions, petitioner commenced this SIST revocation proceeding in February 2017 seeking an order to find respondent to be a dangerous sex offender requiring civil confinement. A SIST revocation hearing was held in March 2017 but, prior to a decision being rendered, the judge who presided over the hearing retired. Respondent waived a new hearing and agreed to have Supreme Court, who was assigned the matter, make a decision based on the hearing transcripts. In July 2017, Supreme Court found that respondent was a dangerous sex offender requiring confinement and issued an order revoking respondent's SIST regimen and committing him to a secure treatment facility. Respondent appeals.
We conclude that petitioner established by clear and convincing evidence that respondent was a dangerous sex offender requiring civil confinement (see Mental Hygiene Law § 10.03 [e]; Matter of State of New York v Jamie KK., 168 AD3d 1231, 1233 [2019]; Matter of State of New York v David J., 167 AD3d 1251, 1252-1254 [2018], lv denied 32 NY3d 919 [*2][2019]; Matter of Rene I. v State of New York, 146 AD3d 1056, 1058 [2017])[FN1]. A psychologist, who examined respondent, diagnosed respondent with pedophilia and avoidant personality disorder and testified that such disorders contributed to respondent's sexual behaviors. The psychologist testified that respondent admitted to viewing images of nude children on the Internet, in addition to adult pornography. Respondent indicated to the psychologist that "he'll always be attracted to children" and that he believed that he did not need treatment or was at risk of committing a sex offense. Respondent also did not see a problem with looking at pictures of nude children or believe that adult pornography was a high-risk factor for him. Indeed, the psychologist stated that respondent was being "very nonchalant about things that he should be taking seriously" and that a person who lacks insight into risk factors put him or her at risk of committing a sex offense.
The psychologist testified that respondent had a history of committing sexual offenses and noted in her report that he had a "strong disposition" to reoffend. Respondent's combined scores on various risk assessment tools placed him as a high current risk priority for sexual and violent recidivism. Respondent also had poor emotional regulation, lifestyle instability and a history of being sexually abused, which, according to the psychologist, would make it difficult for him to refrain from deviant sexual interests. In sum, the psychologist opined that respondent was a dangerous sex offender who required confinement. Based on the foregoing unrebutted evidence, we discern no basis to disturb Supreme Court's determination (see Matter of State of New York v David HH., 147 AD3d 1230, 1234-1235 [2017], lv denied 29 NY3d 913 [2017]; Matter of Sincere KK. v State of New York, 111 AD3d 1083, 1085 [2013], lv denied 22 NY3d 862 [2014]).
We are unpersuaded by respondent's assertion that Supreme Court erred in rendering a decision without holding a second SIST revocation hearing. At a May 2017 conference, Supreme Court reminded the parties of the prior judge's retirement and asked respondent whether he wanted "a new live hearing." Respondent's counsel advised the court that, after consulting with respondent and explaining the situation to him, it was a "joint decision and, more importantly, . . . respondent's decision" to have the court decide the matter based on the hearing transcripts [FN2]. Counsel also noted that conducting a new hearing would only cause further delay and that they "trusted the court to make an informed decision." After a brief off-the-record colloquy, the court again asked respondent's counsel if not conducting a new hearing was how respondent wished to proceed, to which counsel responded in the affirmative. Under these circumstances, respondent's argument is waived (see Robinson v State of New York, 228 AD2d 52, 55 [1996], lv denied 89 NY2d 812 [1997]; cf. Marshall v State of New York, 252 AD2d 852, 854 [1988]). Finally, we reject respondent's claim that he received the ineffective assistance of counsel (see Matter of State of New York v Jamie KK., 168 AD3d at 1234; Matter of State of New York v Timothy BB., 113 AD3d 18, 23-24 [2013], lv dismissed 23 NY3d 941 [2014]).
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Respondent stipulated to a finding that he had a mental abnormality.

Footnote 2: Petitioner did not object to this procedure.