Matter of State of New York v Horowitz (2019 NY Slip Op 07650)





Matter of State of New York v Horowitz


2019 NY Slip Op 07650


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

524051

[*1]In the Matter of State of New York, Respondent,
v
Alan Horowitz, Appellant.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


George J. Hoffman Jr., East Greenbush, for appellant.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Mulvey, J.
Appeal from an amended order of the Supreme Court (Reilly Jr., J.), entered August 17, 2016 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.
Respondent was serving a prison sentence after being convicted of sodomy in the first degree and, in anticipation of his release, petitioner commenced this proceeding to have him adjudicated a sex offender requiring civil management. Respondent thereafter stipulated that he was a detained sex offender (see Mental Hygiene Law § 10.03 [g]) and suffered from a mental abnormality that predisposed him to the commission of sex offenses (see Mental Hygiene Law § 10.03 [i]). Respondent waived his right to a jury trial and, following a bench trial, Supreme Court found that petitioner proved by clear and convincing evidence that respondent had serious difficulty in controlling his predisposition to the commission of conduct constituting a sex offense. After a dispositional hearing, the court found that respondent was a dangerous sex offender requiring confinement and directed that he be committed to a secure treatment facility. Respondent appeals. We affirm.
Petitioner established by clear and convincing evidence that respondent had serious difficulty in controlling his predisposition to commit a sex offense if not confined in a secure facility. Among other witnesses, petitioner offered the testimony of two psychologists, one of whom personally evaluated respondent. Their testimony reflects that respondent had poor insight and that he believed that he did not need treatment. The psychologists considered respondent's beliefs with respect to sexual acts between children and adults, as well as how he viewed his past criminal conduct. They also noted that respondent violated the terms of his parole by being around children and that such act demonstrated that he had difficulty controlling his conduct. One psychologist testified that he diagnosed respondent with pedophilic disorder, as well as a narcissistic personality disorder, and that such disorders were chronic in nature. Upon review of respondent's medical records and criminal history, both psychologists opined that respondent had serious difficulty in controlling his sexual behavior.
Although respondent did not counter petitioner's proof with any expert testimony, he called fact witnesses who generally testified that they never witnessed respondent engage in inappropriate behavior. In view of the foregoing, and deferring to Supreme Court's ability to assess the offered testimony, we find that clear and convincing evidence supports the court's determinations that respondent had serious difficulty controlling his sexually-offending conduct and that he is likely to be a danger to others and to commit sex offenses if not confined (see Matter of State of New York v Jamie KK., 168 AD3d 1231, 1233 [2019]; Matter of State of New York v David HH., 147 AD3d 1230, 1235 [2017], lv denied 29 NY3d 913 [2017]; Matter of Rene I. v State of New York, 146 AD3d 1056, 1058 [2017]; Matter of State of New York v Craig T., 77 AD3d 1062, 1064 [2010]). Finally, inasmuch as the record fails to demonstrate good cause for a substitution of counsel, we conclude that the court did not abuse its discretion in denying respondent's motion seeking such relief (see People v Smith, 18 NY3d 588, 593 [2012] [noting that courts have upheld refusal to substitute counsel where tensions arose between client and counsel on the eve of trial due to differences over strategy]; People v Lanier, 158 AD3d 895, 896-897 [2018]; People v Brown, 154 AD3d 1004, 1005-1006 [2017], lv denied 30 NY3d 1113 [2018]).
Egan Jr., J.P., Lynch and Devine, JJ., concur.
ORDERED that the amended order is affirmed, without costs.