Matter of State of New York v Claude McC. (2020 NY Slip Op 00148)





Matter of State of New York v Claude McC.


2020 NY Slip Op 00148


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-14260
 (Index No. 8441/13)

[*1]In the Matter of State of New York, respondent,
v
Claude McC. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Claude McC., an adjudicated sex offender previously determined to have been suffering from a mental abnormality requiring civil management, Claude McC. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), entered November 7, 2018. The order, after a hearing, found Claude McC. to be a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2005, the appellant pleaded guilty to attempted course of sexual conduct against a child in the first degree for sexually abusing his girlfriend's then 11-year-old daughter and 10-year-old son over a period of 4 years. In January 2013, the State of New York commenced a proceeding pursuant to Mental Hygiene Law article 10 alleging that the appellant was a sex offender requiring civil management. Following a nonjury trial, the Supreme Court found that he suffered from a mental abnormality and required a strict and intensive supervision and treatment (hereinafter SIST) regime. This Court affirmed the Supreme Court's determination (see Matter of State of New York v Claude McC., 163 AD3d 686).
While on SIST, the appellant violated several conditions of his SIST regimen. As a result, in October 2017, the State filed a petition to revoke the appellant's release pursuant to the SIST regimen and confine him in a secure facility as a dangerous sex offender. After a hearing, the Supreme Court determined that the State had met its burden of showing by clear and convincing evidence that the appellant was a dangerous sex offender requiring civil confinement.
Contrary to the appellant's contention, the evidence at the hearing was legally sufficient to establish that the appellant requires civil confinement. The State's proof consisted of the report and testimony of a psychologist who evaluated the appellant. His opinion that the appellant lacked the ability to control his behavior was based on, among other things, the appellant's [*2]use of drugs despite his awareness that his ability to control his sexual urges was impaired by his drug use (see Matter of State of New York v Jameek B., 155 AD3d 1051; Matter of State of New York v William J., 151 AD3d 1890). The appellant also scored as a high risk to reoffend on actuarial assessments. We further conclude that the Supreme Court's determination that the appellant is a dangerous sex offender requiring civil confinement was warranted by the facts.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court