Matter of State of New York v Steven A. (2021 NY Slip Op 02637)





Matter of State of New York v Steven A.


2021 NY Slip Op 02637


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


290 CA 19-00879

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
STEVEN A., A PATIENT AT CENTRAL NEW YORK PSYCHIATRIC CENTER, RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered December 27, 2018 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, adjudged that respondent is a dangerous sex offender requiring confinement. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order revoking his regimen of strict and intensive supervision and treatment (SIST), determining that he is a dangerous sex offender requiring confinement, and committing him to a secure treatment facility (see Mental Hygiene Law § 10.01 et seq.). We affirm.
Contrary to respondent's contention, petitioner established by clear and convincing evidence (see Mental Hygiene Law § 10.11 [d] [4]) that respondent is a dangerous sex offender requiring confinement (see § 10.03 [e]; see generally Matter of State of New York v George N., 160 AD3d 28, 30 [4th Dept 2018]). The evidence at the SIST revocation hearing established that respondent had scored "[w]ell [a]bove [a]verage" for sexual recidivism based on the Static-99R assessment tool; that he failed to fully engage in sex offender treatment; that he committed multiple SIST violations that bore on his risk of sexually reoffending, including possession of a smart phone containing, among other things, a pornographic video of himself engaging in group sex; and that he had violated other conditions of SIST that, although not sexual in nature, nevertheless also bore on his risk of recidivism (see generally Matter of State of New York v Jamaal A., 167 AD3d 1526, 1527 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of State of New York v Edward T., 161 AD3d 1589, 1589 [4th Dept 2018]).
We also reject respondent's contention that he was denied effective assistance of counsel. Respondent was entitled to meaningful representation in the context of this Mental Hygiene Law article 10 proceeding (see Matter of State of New York v Campany, 77 AD3d 92, 93, 98-99 [4th Dept 2010], lv denied 15 NY3d 713 [2010]), but it is his burden on appeal to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies (see Matter of State of New York v Carter, 100 AD3d 1438, 1439 [4th Dept 2012]; see also People v Caban, 5 NY3d 143, 154 [2005]). Respondent contends that his counsel was ineffective for allowing the expert testifying on his behalf at the SIST revocation hearing to concede that he suffers from a mental abnormality. However, the issue whether respondent suffers from a mental [*2]abnormality was not before Supreme Court at the SIST revocation hearing (see Matter of State of New York v Breeden, 140 AD3d 1649, 1649 [4th Dept 2016]; see also Matter of State of New York v David HH., 147 AD3d 1230, 1233 [3d Dept 2017], lv denied 29 NY3d 913 [2017]) and, in any event, conceding the issue could have been part of a legitimate strategy to present expert testimony that shared some common ground with the testimony of petitioner's expert, but that differed from the testimony of petitioner's expert with respect to the issues of respondent's dangerousness and need for confinement.
We have considered respondent's remaining contentions and conclude that they do not warrant modification or reversal of the order.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court