Matter of State of New York v David HH. (2022 NY Slip Op 03037)





Matter of State of New York v David HH.


2022 NY Slip Op 03037


Decided on May 5, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 5, 2022

533420
[*1]In the Matter of State of New York, Respondent,
v
David HH., Appellant.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Ceresia, J.
Appeal from an order of the Supreme Court (Blaise III, J.), entered May 11, 2021 in Chemung County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to revoke respondent's regimen of strict and intensive supervision and treatment, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.
In 2008, respondent was convicted of raping his paramour's 11-year-old daughter and was sentenced to a term of six years in prison followed by seven years of postrelease supervision. Upon the conclusion of his prison term in 2013, respondent was adjudicated a dangerous sex offender requiring civil confinement and was committed to a secure treatment facility. In 2018, respondent was ordered released into the community under a regimen of strict and intensive supervision and treatment (hereinafter SIST). Respondent was subsequently found to have violated his parole and was reincarcerated for 18 months. In 2019, respondent was returned to SIST and parole supervision. In 2020, claiming that respondent had violated numerous SIST conditions, petitioner commenced this proceeding to revoke respondent's release. Following a revocation hearing, Supreme Court granted the petition and remanded respondent to a secure treatment facility. Respondent appeals, and we affirm.
Upon a petition to revoke a sex offender's release to SIST, petitioner bears the burden of establishing by clear and convincing evidence that he or she is a dangerous sex offender requiring civil confinement (see Mental Hygiene Law §§ 10.07 [f], 10.11 [d] [4]; Matter of State of New York v Justin R., 187 AD3d 1464, 1465-1466 [2020]). That is, petitioner must show that the respondent is a sex offender "suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). By contrast, a sex offender who is an appropriate candidate for SIST is one " who suffers from a mental abnormality but is not a dangerous sex offender requiring confinement" (Mental Hygiene Law § 10.03 [r]; see Matter of State of New York v Robert A., 187 AD3d 1326, 1328 [2020], lv denied 36 NY3d 908 [2021]). Thus, the Mental Hygiene Law draws "a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be supervised and treated as outpatients and only the latter may be confined" (Matter of State of New York v Michael M., 24 NY3d 649, 659 [2014] [internal quotation marks omitted]; accord Matter of State of New York v Robert A., 187 AD3d at 1328).
At the revocation hearing, petitioner's first witness was Lori Green, a parole officer who supervised respondent while he was released to SIST. Green testified that within days of commencing [*2]his second period of release, respondent began violating his SIST conditions. By way of example, respondent viewed pornography, used drugs on an ongoing basis, attempted to avoid drug tests, failed to charge his GPS batteries, failed to document his activities in his journal and violated curfew. Green also testified that respondent failed to comply with the conditions of his mandatory sex offender and anger management treatment programs, and was ultimately barred from participating in further treatment due to, among other things, failing to attend sessions and behaving in a hostile manner toward treatment providers. Additionally, Green's testimony indicated that respondent engaged in a sexual relationship with a convicted felon with whom he had been prohibited any contact. This individual enabled respondent's use of drugs and pornography and sent him pictures of her toddler-aged grandchild. According to Green, respondent's treatment team metthese violations with graduated levels of intervention but encounteredresistance from respondent.
Petitioner also called Nancy Ives, a psychologist who conducted an evaluation of respondent. Ives testified that respondent had diagnoses of pedophiliac disorder, alcohol and cannabis use disorders, antisocial personality disorder, anxiety disorder and traits of psychopathy. Ives opined that respondent's romantic relationship was unhealthy not only because his partner enabled his drug use and pornography, but also because respondent had become increasingly reliant upon the relationship to the point of risking reincarceration for pursuing it and threatening suicide if he was forced to separate from his partner. Ives also testified that respondent's drug use increased to the point that he described it as very severe. Ives was of the opinion that respondent chose to disregard his release conditions and engage in high-risk activities that were, by his own admission, part of his sexual offense cycle. Furthermore, according to Ives, respondent's assessment test scores indicated that he was at moderate to high risk of recividism, and one test showed that he was up to four times more likely to reoffend than the average sex offender.
Respondent's sole witness at the hearing was Don Greif, a psychologist who offered his opinion that respondent's drug use was not predictive of his sex offense cycle, and that respondent had demonstrated an ability to control his sexual conduct toward children. According to Greif, respondent's committed romantic relationship combined with his advancing age indicated that he was less likely to sexually reoffend.
Upon our review of the record, we find that petitioner met its burden of proving, by clear and convincing evidence, that respondent is a dangerous sex offender requiring civil confinement (see Matter of State of New York v Robert A., 187 AD3d at 1330; Matter of State of New York v David HH., 147 AD3d 1230, 1234-1235 [2017], lv denied 29 NY3d 913 [2017]). In that regard[*3], the hearing evidence, as outlined above, supported the finding that respondent has an inability to control his behavior such that he is likely to be a danger to others and to commit sex offenses if not confined (see Matter of State of New York v Justin R., 187 AD3d at 1467; Matter of State of New York v Karl X., 172 AD3d 1498, 1499-1500 [2019], lv denied 33 NY3d 911 [2019]). Supreme Court was entitled to credit the testimony offered by petitioner's witnesses, as the court was in the best position to weigh matters of credibility, and we discern no basis to disturb its findings (see Matter of State of New York v Justin R., 187 AD3d at 1467; Matter of State of New York v Robert A., 187 AD3d at 1330).
As forrespondent's argument that his SIST violations were nonsexual in natureand therefore should not serve as a basis to confine him, it is true that, "in the absence of evidence of sexually inappropriate conduct while on SIST, it becomes incumbent on [petitioner] to demonstrate a persuasive link between a nonsexual SIST violation and the offender's ability to control his [or her] sexual behavior" (Matter of State of New York v George N., 160 AD3d 28, 31 [2018]; see Matter of State of New York v Steven A., 193 AD3d 1344, 1345 [2021], lv denied 37 NY3d 911 [2021]). However, respondent's SIST violations included increasing drug use as well as the use of pornography, both of which, as Ives testified, were part of his sexual offense cycle. Accordingly, acknowledging that petitioner need not await further sexual offending before filing a revocation petition (see Matter of State of New York v George N., 160 AD3d at 31), petitioner demonstrated that respondent's SIST violations bore a nexus to his inability to control his sexual behavior.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.