Matter of Robert H. v State of New York (2025 NY Slip Op 02709)

Matter of Robert H. v State of New York

2025 NY Slip Op 02709

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

411 CA 24-01519

[*1]IN THE MATTER OF ROBERT H., PETITIONER-APPELLANT,
T
v
HE STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

TODD G. MONAHAN, LITTLE FALLS, FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Oneida County (James P. McClusky, J.), entered August 27, 2024, in a proceeding pursuant to Mental Hygiene Law article 10. The order continued petitioner's confinement to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order, entered after an annual review hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that he is a dangerous sex offender requiring confinement under section 10.03 (e) and directing that he continue to be confined to a secure treatment facility (see § 10.09 [h]). Petitioner contends that he was denied effective assistance of counsel at the hearing. Inasmuch as petitioner " 'is subject to civil confinement, the standard for determining whether effective assistance of counsel was provided in criminal matters is applicable here' " (Matter of State of New York v Robert T., 214 AD3d 1405, 1406 [4th Dept 2023], lv denied 41 NY3d 902 [2024]). Contrary to his contention, however, we conclude that petitioner failed to meet "his burden on appeal to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies" (Matter of State of New York v Steven A., 193 AD3d 1344, 1345 [4th Dept 2021], lv denied 37 NY3d 911 [2021]; see Matter of State of New York v Juan U., 187 AD3d 1606, 1608 [4th Dept 2020], lv denied 36 NY3d 906 [2021]). Rather, "viewing the evidence, the law, and the circumstances of this case as a whole and at the time of the representation," we conclude that petitioner received effective assistance of counsel (Matter of State of New York
v Parrott, 125 AD3d 1438, 1440 [4th Dept 2015], lv denied 25 NY3d 911 [2015]; see Juan U., 187 AD3d at 1609).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court