Matter of State of New York v Anthony R. (2024 NY Slip Op 03392)

Matter of State of New York v Anthony R.

2024 NY Slip Op 03392

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 250144/18 Appeal No. 2251 Case No. 2023-03453 

[*1]In the Matter of The State of New York, Petitioner-Respondent,
v
Anthony R., Respondent-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Naomi M. Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for respondent.

Order, Supreme Court, Bronx County (Tara A. Collins, J.), entered May 23, 2023, which, after an evidentiary hearing, determined that respondent is a dangerous sex offender who suffers from a mental abnormality requiring him to be subject to civil management under Mental Hygiene Law article 10, revoked his prior release into the community under strict and intensive supervision and treatment (SIST), and ordered him to be civilly committed at a secure treatment facility, unanimously reversed, on the law, without costs, and the proceeding remanded for the court to issue a new commitment order in accordance with this decision.
In 2007, respondent pleaded guilty to attempted burglary in the second degree, sexual abuse in the first degree, and rape in the third degree for his 2006 sexual assault upon a 64-year-old woman. Respondent was paroled in 2009, but his parole was revoked two months later because of his failure to comply with reporting requirements. In 2010, as respondent approached release from incarceration for the parole violation, he was diagnosed with, among other things, schizoaffective bipolar disorder and antisocial personality disorder by a state doctor. Based upon the doctor's findings, petitioner petitioned for respondent's civil management pursuant to article 10. In 2011, respondent stipulated to a finding of mental abnormality and consented to civil confinement.
Respondent was released into the community under SIST in August 2015. Over the next five years, respondent lived among the community under intensive SIST control without any reported behavioral issues. Respondent's relative stability appears to have coincided with the continued administration of injectable psychotropic medication. During the COVID-19 pandemic, however, respondent's medication and mental health treatment plans were altered, and respondent began to lapse in his compliance therewith.
In August 2021, petitioner submitted an article 10 petition seeking respondent's confinement based on respondent's violation of several SIST conditions, including but not limited to his tampering with his GPS device, violating curfew, refusing to take medication, panhandling, accessing and watching pornographic materials on his phone, taking photographs of women in the subway without their consent and aggressively approaching women for money. Respondent was confined in a treatment facility pending Supreme Court's decision on the petition.
In September 2022, following a hearing, the court found that respondent was not a dangerous sex offender requiring confinement. The court attributed respondent's poor medication and mental health program compliance to the "wholly inadequate" supervision and care of petitioner, noting that petitioner failed to regularly check in on respondent's well-being and allowed him to go without medication for months. Furthermore, given respondent's years of pre-pandemic compliance, the court did not find that his viewing of pornography and photographing [*2]of women were indicative of his likelihood of reoffending. For those reasons, the court determined that petitioner failed to prove by clear and convincing evidence that respondent was a dangerous sex offender requiring confinement.
Following the court's ruling, respondent was released from temporary confinement into the community [FN1] under SIST. It is clear from the record that respondent was not provided with effective psychiatric care prior to his release, as he was medication noncompliant and exhibiting psychotic behaviors. Specifically, upon his release, respondent's care providers observed that respondent presented as less stable than during his pre-pandemic residence, as he displayed a disheveled appearance, poor physical hygiene and organization and emotional dysregulation.
Within three days of his release, respondent was taken back into custody by his parole officer based on his violation of multiple SIST conditions. Respondent's GPS tracking showed that he broke curfew on two of the three nights and took the subway into Manhattan on one occasion to purchase marijuana,[FN2] was late to his intake appointment at Shiloh, his sex offender treatment program and finally, respondent tested positive for alcohol and fentanyl at Shiloh. It should be noted, that an hour later, he tested negative at the parole office. Notably, respondent's re-confinement was not premised upon any allegations of sexual behavior or threats, nor any explicit acts or threats of physical violence.
On January 31, 2023, the State filed the instant article 10 petition seeking respondent's confinement. Following a hearing, at which two psychologists who had examined respondent testified, the court found that petitioner had established that respondent is a dangerous sex offender requiring confinement and ordered his civil confinement pursuant to Mental Hygiene Law § 10.07(f). In finding that respondent was unable to control his sex offending behavior, the court cited to respondent's failure to exhibit a desire to make progress in his sex offender treatment, as evidenced by his previous SIST violations, his lateness to the Shiloh appointment and apparent nonchalance concerning his underlying offense. The court pointed to respondent's purported drug use during his release, noting that drug abuse leads to respondent's impaired decision making and sexual preoccupation. The court also noted respondent's aggressive behavior towards his care providers during his release, including his general combativeness and balling his fists during conversations with female staff. The court further relied upon respondent's lack of transparency with parole, as well as his acknowledgment of the SIST conditions following his curfew violations. Finally, the court relied on the State psychologist's finding that respondent was emotionally dysregulated, as evidenced by respondent's angry outburst during his January 28, 2023, interview with the expert, resulting in the interview being cut short. Supreme Court [*3]relied on Matter of State of New York v Raul L. (186 AD3d 607, 609-610 [2d Dept 2020], lv denied 36 NY3d 904 [2021]) and Matter of State of New York v Leon F. (84 AD3d 1098, 1101 [2d Dept 2011]) in support of its conclusion.
We now reverse. The Mental Hygiene Law defines a "dangerous sex offender requiring confinement" as a "person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses,[FN3] and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (see Mental Hygiene Law § 10.03[e]). "The statute — which goes on to describe a 'sex offender requiring strict and intensive supervision' as a 'detained sex offender who suffers from a mental abnormality but is not a dangerous sex offender requiring confinement' . . . clearly envisages a distinction between sex offenders who have difficulty controlling their sexual conduct and those who are unable to control it. The former are to be supervised and treated as 'outpatients' and only the latter may be confined" (Matter of State of New York v Michael M., 24 NY3d 649, 659 [2014] [internal citation omitted]; see also Mental Hygiene Law § 10.03[r]). Under this standard, petitioner must show that respondent is "presently unable" to control his sexual conduct (Raul L., 186 AD3d at 609-610; Matter of State of New York v George N., 160 AD3d 28, 33 [4th Dept 2018]; see also Michael M., 24 NY3d at 659).
It is undisputed that, during the relevant period, respondent made no sexual threats, did not approach any treatment staff in a sexual manner, and did not express any sexual impulses or urges. We agree with our sister department that "in the absence of evidence of sexually inappropriate conduct while on SIST, it becomes incumbent on the State to demonstrate a persuasive link between a nonsexual SIST violation and the offender's ability to control his sexual behavior" (George N., 160 AD3d at 31, citing Matter of State of New York v William J., 151 AD3d 1890, 1891-1892 [4th Dept 2017]). "A mere tendency to engage in risky or socially undesirable conduct — even if that conduct provides an opportunity for, or increases the likelihood of, sexual offending — is quintessentially insufficient to establish 'inability' under the Michael M. formulation" (George N., 160 AD3d at 31; see Matter of State of New York v Husted, 145 AD3d 1637, 1638 [4th Dept 2016]). Finally, a respondent's mere struggling with sexual urges is insufficient to show inability to control (compare Michael M., 24 NY3d at 659 [confinement not appropriate where the respondent was struggling with sexual urges, but not unable to control them]; with George N., 160 AD3d at 32 [noting that in William J., confinement was appropriate where the respondent had an inability to control where the respondent's sexual arousal had become conditioned on his consumption of cocaine to the point of [*4]being "Pavlovian"]).
Here, we do not disturb the court's finding that respondent's purported substance abuse could disinhibit his sexual decision making. Petitioner, however, presented no evidence that respondent's alleged substance abuse directly resulted in any sexual behavior during his three days out of confinement. Further, in relying on respondent's 2021 SIST violations, petitioner made no showing of a causal link between respondent's substance abuse and sexual compulsion, as was done in William J. Petitioner's showing regarding respondent's purported substance abuse, standing alone, is insufficient under the law to support a finding that respondent is unable to control his sexual impulses.
We are similarly unpersuaded by petitioner's arguments regarding respondent's aggressive behavior. While certainly disquieting, respondent's demeanor towards his care workers and petitioner's expert does not nearly approach the explicit threats of violence undergirding the cases relied upon by the court (see Raul L., 186 AD3d at 610 [ordering confinement where the respondent repeatedly threatened and assaulted staff during therapy, threatened to kill the judge and facility staff, voiced his excitement by his harm of others, and kept a "revenge list" of those he intended to retaliate against]; see also Leon F., 84 AD3d at 1101 [ordering confinement where, among other offenses, the respondent stared at corrections officer while putting his hand in his pants, and made certain threats against the court and court personnel during trial]).[FN4] We also find that respondent's lack of transparency regarding his violation of curfew, as well as his late appearance for sex offender treatment, do not establish that he is incapable of controlling his sexual impulses.
For the foregoing reasons, we hold that petitioner has failed to show by clear and convincing evidence that respondent is a dangerous sex offender requiring confinement. Rather, we find that respondent is a "sex offender requiring strict and intensive supervision" who requires continued management under SIST.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024

Footnotes

Footnote 1: Respondent was released to the Transitional Living Residence at Bronx Psychiatric Center, where he had resided prior to his 2021 SIST violation.

Footnote 2: Despite this admission, respondent did not test positive for marijuana during the relevant period.

Footnote 3: It is undisputed that respondent suffers from a "mental abnormality" as relevant for this analysis.

Footnote 4: By contrast, respondent presented with a stable demeanor during the hearings below.